IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CROSS CANYON ENERGY CORP., | § § | CASE NO. 10-20088 |
| Debtor. | § § | (Chapter 11) |
| | § § | |

EMERGENCY APPLICATION TO EMPLOY JORDAN,
HYDEN, WOMBLE, CULBRETH & HOLZER, P.C. AS
LOCAL COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION

**THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION AND HAS REQUESTED THAT A "FIRST DAY" HEARING BE HELD ON THIS MOTION AT THE COURT'S EARLIEST CONVENIENCE. IF THE COURT IN FACT SETS THIS MOTION FOR AN EMERGENCY OR AN EXPEDITED "FIRST DAY" HEARING, THEN ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Cross Canyon Energy Corp., debtor and debtor-in-possession ("Cross Canyon" or the "Debtor"), files this Emergency Application for an Order Authorizing the Retention and Employment of Jordan, Hyden, Womble, Culbreth & Holzer, P.C. ("Jordan Hyden") as Local Counsel to the Debtor (the "Application"). In support of this Application, the Debtor incorporates (a) the Declaration of Carl A. Chase in Support of Voluntary Petition, First Day Motions and Designation as Complex Bankruptcy Case (the "Chase Declaration") and (b) the Declaration of Nathaniel Peter Holzer and Disclosure of Compensation Pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2014(a) and 2016(b) (the "Holzer Affidavit"), attached hereto as **Exhibit A**, filed contemporaneously herewith.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 327, 328, 329, 504 and 1107 and Rules 2014, 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of this Court.

**PROCEDURAL AND FACTUAL BACKGROUND**

4. On January 29, 2010 (the "Petition Date"), the Debtor commenced this case (the "Case") by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). In a separate motion contemporaneously filed with this Court, the Debtor is requesting expedited confirmation of a prepackaged plan of reorganization (the "Plan").

5. The Debtor has continued to operate and manage its businesses and affairs as a debtor-in-possession, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. By separate application the Debtor seeks Court approval of Thompson & Knight, LLP ("T&K") as Debtors lead counsel. This application incorporates by reference the background facts as set forth in the T&K application.

7. The Debtor has obtained the consent of CIT Capital to a recapitalization through a prepackaged plan of reorganization designed to allow the Debtor to quickly and successfully exit chapter 11 and continue the exploration, development and exploitation of its assets.

8. The filing of this Case and the expedited confirmation of the Plan are the Debtor's best option to preserve and maximize its assets including the going concern value of its exploration and production business.

## RELATIONSHIP WITH Jordan Hyden

9. Debtor first contacted Jordan Hyden in January 2010 concerning representation in connection with a chapter 11 filing. There has been no prior relationship between Debtor and Jordan Hyden.

10. The Debtor, as a debtor-in-possession, desires to employ Jordan Hyden as its attorneys in this case to (a) assist T&K with providing legal advice with respect to the Debtor's powers and duties as debtor-in-possession, the continued operation of the Debtor's business and the management of the Debtor's property; and (b) assist T&K with performing all legal services for the Debtor, other than tax or securities matters, which may be necessary throughout the Case.

11. The name, mailing address and telephone number of the lead attorney from Jordan Hyden who will be attorney of record is:

> Nathaniel Peter Holzer
> 500 N. Shoreline Blvd, Suite 900
> Corpus Christi, TX  78471
> Phone:  361-884-5678
> Fax:  361-888-5555
> pholzer@jhwclaw.com

## BASIS FOR RELIEF

12. By this Application, the Debtor requests that this Court enter an interim order (the "Interim Order"), pending entry of a final order or the Interim Order becoming a final order (the "Final Order") (a) employing and retaining Jordan Hyden as attorneys to represent the Debtor in connection with various matters, including the prosecution of the Case as described herein, and (b) scheduling a final hearing on this Motion within 21 days of entry of the Interim Order (the "Final Hearing"). Pursuant to Bankruptcy Code Section 328(a), the Debtor requests that this Court authorize the retention of Jordan Hyden under a general retainer in accordance with Jordan Hyden's normal hourly rates.

13. Obtaining approval to employ and retain counsel as expeditiously as possible, and on an interim basis pending final approval, is necessary to avoid the irreparable harm that Debtor would inevitably face if required to proceed in this case unrepresented.

14. Relief should be granted under the current circumstances pursuant to Bankruptcy Rule 6003, as the Debtor would face irreparable harm if required to proceed for any amount of time without legal counsel. The Debtor therefore respectfully requests that this Court consider the Application and grant the relief requested herein immediately on an interim basis and, thereafter, on a final basis, unless an objection thereto is filed with this Court within 20 days after entry of the Interim Order. If such an objection is timely filed, the Debtor requests that this Court hold a final hearing on this Application. The Debtor requests that the Interim Order remain in effect, notwithstanding any objection to this Application, until further order of this Court.

15. The Debtor has chosen Jordan Hyden because of its extensive experience, knowledge and an established reputation regarding the reorganization and debt restructuring of companies under chapter 11 of the Bankruptcy Code.

16. Moreover, Jordan Hyden has extensive expertise, experience and knowledge in the field of business reorganizations pursuant to chapter 11 of the Bankruptcy Code. Jordan Hyden has expertise, experience and knowledge practicing before bankruptcy courts and has represented debtors, lenders, committees, investors, shareholders, and purchasers with regard to financially distressed entities. The Debtor believes that Jordan Hyden possesses the requisite resources and is highly qualified and uniquely able to represent the Debtor's interests in this Case. Moreover, Jordan Hyden and T&K have an established track record of working together efficiently as co counsel for chapter 11 Debtors, and are cognizant of the need to avoid

duplication of efforts.

*Scope of Representation*

17.     The Debtor contemplates that Jordan Hyden will assist T&K in providing legal services to the Debtor as needed throughout the Case.  Generally, the legal services that Jordan Hyden will render may be summarized, in part, as follows:

    a.    Assist T&K in advising the Debtor of its rights, powers, and duties as Debtor-in-Possession under the Bankruptcy Code;

    b.    Assist T&K in advising the Debtor concerning, the negotiation and documentation of debt restructurings;

    c.    Assist T&K in reviewing the nature and validity of various contracts and leases relating to the Debtor's interests in real and personal property and advising the Debtor of its corresponding rights and obligations;

    d.    Assist T&K in reviewing the nature and validity of liens and claims asserted against the Debtor's property and advising the Debtor concerning the enforceability of those liens and claims;

    e.    Assist T&K in advising the Debtor concerning avoidance actions or other actions that it may take to collect and to recover property for the benefit of the estate and its creditors, whether or not arising under chapter 5 of the Bankruptcy Code;

    f.    Assist T&K in preparing and reviewing all necessary and appropriate applications, motions, pleadings, orders, notices, schedules, and other documents to be filed in the Case;

    g.    Assist T&K in advising the Debtor concerning, and preparing responses to, applications, motions, complaints, pleadings, notices, and other papers that may be filed and served in the Case;

    h.    Assist T&K in counseling the Debtor in connection with its plan of reorganization and related documents;

    i.    Working with and coordinating efforts among professionals, including co-counsel and other special counsels (if any) as may be retained by the Debtor, to avoid duplications of effort among those professionals and to guide their efforts in the overall framework of the Debtor's reorganization; and

    j.    Assist T&K in working with professionals retained by other parties

       in interest to structure and confirm a consensual plan of reorganization for the Debtor.

18. The nonexclusive services described above are essential to the Debtor's successful reorganization. The Debtor may, from time to time, request that Jordan Hyden undertake specific matters beyond the scope of the responsibilities set forth above. Should Jordan Hyden agree in its sole discretion to undertake any such matters, the Debtor seeks authority herein to employ Jordan Hyden for such matters, in addition to those set forth above, without further order of the Court.

### *Payment of Fees and Expenses*

19. On January 29, 2010, Cross Canyon paid Jordan Hyden a retainer of $10,000 in connection with this matter. Jordan Hyden performed no substantive work prior to the Petition Date.

20. The Debtor has agreed, subject to the fee application process and this Court's approval, to pay Jordan Hyden based upon time spent in rendering legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as in effect on the date services are rendered. The hourly rates of the Jordan Hyden attorney most likely to work on this matter is $425. The standard hourly rates of the Jordan Hyden professionals to perform services hereunder range from $75 to $795. Additionally, the Debtor has agreed to reimburse Jordan Hyden for its out-of-pocket expenses for rendering services.

21. Each professional's rate will be clearly reflected in the invoices and fee application. Jordan Hyden will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail in monthly invoices and fee applications.

22. The Debtor understands that Jordan Hyden's hourly rates are subject to periodic

review (generally annually) to reflect changes in the economy, experience, and other factors. Jordan Hyden, to the extent possible, attempts to observe the prevailing rates for legal services rendered by attorneys of comparable expertise in similar cases in the relevant jurisdiction. Accordingly, an individual attorney's rates in other cases may be lower or higher than those charged in this engagement, depending upon prevailing rates in the various jurisdictions.

23.     Jordan Hyden also will seek reimbursement of actual and necessary expenses pursuant to Bankruptcy Code § 330.  Expenses for which reimbursement will be sought include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand-delivery charges, photocopying charges ($.10 per page), document processing, travel expenses, as well as non-ordinary overhead expenses such as secretarial overtime.  All such expenses shall be within the standards normally enforced by the Bankruptcy Court in the Southern District of Texas.  All compensation and reimbursement of expenses will be subject to approval of this Court as required by the Bankruptcy Code.

24.     The Debtor contemplates that Jordan Hyden, joined by other professionals employed in the case, will file further motions requesting the entry of an administrative order providing for monthly payment for legal services, subject to final approval by the Court.[1]

*Disclosure Concerning Conflicts of Interest or Prior Relationships*

25.     Jordan Hyden's employment is necessary and in the best interest of the Debtor and its estate. Jordan Hyden meets the standards for being retained under Bankruptcy Code § 327(a), for the following reasons:

>     a.     To the best of the Debtor's knowledge, and subject to the disclosures described in the Holzer Declaration, Jordan Hyden does not hold or represent an interest adverse to the Debtor's estate in the matters for which Jordan

---

[1] If, at the conclusion of this case, Jordan Hyden's fees and expenses ultimately are approved in an aggregate amount less than the amount of the Retainer, Jordan Hyden will return any remaining portion of the Retainer to the Debtor.

Hyden is proposed to be retained.

      b.      To the best of the Debtor's knowledge, Jordan Hyden does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

      c.      Jordan Hyden is not a creditor, an equity security holder, or an insider of the Debtor.

      d.      Jordan Hyden is not and has not been, within two years before the Petition Date, a director, officer, or employee of the Debtor. Thus, Jordan Hyden is a "disinterested person" as within the meaning of Bankruptcy Code §§ 101(14).

26.      To the best of the Debtor's knowledge, and except to the extent set forth in the Holzer Declaration, Jordan Hyden has no connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

27.      The employment of Jordan Hyden should be approved effective as of the Petition Date, with such firm having the right to seek compensation for services rendered on and after that date.

**WHEREFORE,** the Debtor requests that the Court enter an order (a) authorizing the Debtor to retain and employ Jordan, Hyden, Womble, Culbreth & Holzer, P.C. as its local counsel in this Case with compensation to be paid as an administrative expense in such amounts as this Court may deem reasonable, and (b) granting such other and further relief as this Court deems proper, both at law and in equity.

**DATED:** January 29, 2010.

                                      **CROSS CANYON ENERGY CORP.**

                                      By:   */s/ Carl A. Chase*
                                                Carl A. Chase
                                                Chief Financial Officer

## CERTIFICATE OF SERVICE

      I certify that on January 29, 2010, a true and correct copy of the foregoing document was served upon the parties on the attached Proposed Master Service List by first class U.S. mail, postage prepaid, or by facsimile transmittal as indicated and on all parties entitled to service via this Court's Electronic Filing System ("ECF").


                                                  /s/ Rhett G. Campbell
                                                  One of Counsel